(No. 81-CC-0234– <span style="background:black"></span> )

MOTO HEATING, VENTILATING, AIR CONDITIONING CORP., Claimant, *v.* BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES, Respondent.

*Order filed May 23, 1988.*

ROBERT D. SILVER, for Claimant.

DUNN, BRADY, GOEBEL, ULBRICH, MOREL, KOMBRINK & HUNDMAN (RICHARD T. DUNN, of counsel), for Respondent.

POCH, J.

This cause comes before the Court after hearing of all evidence before a Commissioner, and the Court being fully advised and having reviewed the Commissioner's recommendation the Court finds:

1. Claimant, Moto Heating, Ventilating, Air Conditioning Corporation ("Moto") is a duly organized Illinois corporation having its principal place of business at 4715 North Damen Avenue, Chicago, Illinois 60625.

2. The Board of Governors of State Colleges and

Universities ("Univ") is a body politic and corporate of the State of Illinois, created and established under the Board of Governors of State Colleges and Universities Revenue Bond Act. Ill. Rev. Stat. 1985, ch. 144, par. 1001 *et seq.*

3. Ronald Williams is, and at all times relevant to Claimant's action was, president of Northeastern Illinois University; William H. Lienemann is, and at all times relevant to Claimant's action was, vice president for administrative affairs at Northeastern Illinois University; Ray R. Roth was at all times relevant to Claimant's action director of purchases at Northeastern Illinois University; and Gary Bryan is, and at all times relevant to Claimant's action was, campus planning coordinator at Northeastern Illinois University. All of said individuals are employees of the Board of Governors of State Colleges and Universities and were at all times pertinent to Claimant's action acting or failing to act within the scope of their employment and not personally.

4. This Court has exclusive jurisdiction of Claimant's tort claims against Respondent Board of Governors of State Colleges and Universities, based upon the acts or omissions of Respondent's employees Ronald Williams, William· H. Lienemann, Ray Roth and Gary Bryan (collectively "employees") as alleged herein.

5. Section 3 of An Act to create Northeastern Illinois University places the statutory duty upon the said Board of Governors to make rules, regulations, and by-laws for the good government and management of the University, to employ all necessary employees and proscribe their duties. Ill. Rev. Stat. 1985, ch. 144, par. 1153.

6. Moto performed work for Northeastern Illinois University, and did perform work in a workmanlike manner.

7. Moto specifically asked Gary Bryan how Moto would be protected if it were to agree to perform the work referred to.

8. Gary Bryan informed Moto that the prime contractor selected would be required to furnish a final waiver of lien from Moto before payment would be made to the prime contractor.

9. Triple A Moving and Storage, Inc., was eventually awarded the prime contract on the project in question.

10. Triple A submitted an original invoice received from Moto for work performed by Moto totaling $7,000.00 but did not submit a final waiver of lien executed.

11. A State warrant was issued to Triple A on or about February 11, 1980, in the amount of $17,340.00.

12. The University employees did not further notify Moto it was issuing said warrant prior to issuance and delivery.

13. The University did not require Triple A to have a bond to protect against nonperformance of Triple A's duties.

14. Triple A Moving and Storage has not paid Moto the $7,000.00 or any part thereof.

15. Univ had not paid Moto and has refused to pay Moto for said work.

It is hereby ordered that the Court finds in favor of the Claimant and awards the sum of seven thousand ($7,000.00) and no/100 dollars as damages.